UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD WASHINGTON, | ) | CASE NO. 5:21-cv-1102 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| LENZY FAMILY INSTITUTE, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of plaintiff Leonard Washington ("Washington" or "plaintiff") for leave to file a first amended complaint. (Doc. No. 13.) Defendants Lenzy Family Institute, Inc. (the "Lenzy Institute") and Lenzy Family Institute Board of Directors (the "Lenzy Board") (collectively, the "Lenzy defendants") have filed a memorandum in opposition. (Doc. No. 16.) Defendant UnitedHealthcare Life Insurance Company (wrongly named as "United Healthcare") ("United") has filed a response indicating that it is not opposed to an amendment. (Doc. No. 17.)[1] The Lenzy defendants have filed a reply. (Doc. No. 19.)

Also before the Court is the Lenzy defendants' motion to dismiss the complaint (Doc. No. 7, as supplemented (with leave) by Doc. No. 11, Exhibit 1 to Motion to Dismiss)[2] and plaintiff's

---

[1] United's response notes that plaintiff's counsel has represented that, as to United, any amendment would do no more than correct United's name; it would not add any cause(s) of action against United. (Doc. No. 17 at 1.) This fact is confirmed by Doc. No. 18, Plaintiff's Motion for Clarification.

[2] No opposition to the motion to dismiss has been filed and the deadline to do so has passed.

motion to stay ruling on the motion to dismiss (Doc. No. 14.) The Lenzy defendants filed their opposition to the motion to stay ruling (Doc. No. 15) and Washington filed a reply (Doc. No. 20).

For the reasons and in the manner set forth herein, plaintiff's motion for leave to amend (Doc. No. 13) is granted and the Lenzy defendants' motion to dismiss (Doc. No. 7) is denied without prejudice. Plaintiff's motion to stay ruling (Doc. No. 14) is denied as moot. As for plaintiff's "motion for clarification" (Doc. No. 18), the Court finds that it is not a motion at all, but rather serves to confirm that no new claims will be asserted by plaintiff against United in the amended complaint, and the Clerk is ordered to administratively terminate the improperly characterized filing. Of course, as discussed herein, had plaintiff filed a proposed amended complaint, plaintiff would have obviated the need for clarification.

## I. BACKGROUND [3]

On May 28, 2021, Washington filed a complaint against the Lenzy defendants, United, and two John Does on the basis of federal question jurisdiction, asserting that his claims were brought under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The complaint alleges that on October 27, 2016, Washington was hired by the Lenzy Institute as a Residential House Worker and Treatment Counselor. (Doc. No. 1, Complaint ¶ 7.) In mid-January 2018, Washington became a full-time employee of the Lenzy Institute and received health insurance through a group policy with United. (*Id*. ¶¶ 8–9.) According to Washington, without notice, and unbeknownst to Washington, the group policy was terminated on or about June 2, 2019 for failure to pay premiums.

---

[3] Any page number references herein are to the consecutive page numbers assigned to individual documents by the Court's electronic filing system.

(*Id*. ¶ 10.)[4] No replacement policy was put in place, and Washington was neither notified that he had no health insurance nor offered COBRA continuation benefits. (*Id*. ¶¶ 11–14.) Washington also claims that he was "incorrectly paid and not paid for all of his work[.]" (*Id*. ¶ 15.) Washington was laid off by the Lenzy defendants on or about March 16, 2020. (*Id*. ¶ 16.)

Count I of the complaint alleges a violation of COBRA and ERISA for failure to give notice of COBRA continuation rights and related benefits information. Count II alleges a claim of failure to furnish a summary description of any material modification of the benefits plan and losses to plaintiff as a result of the statutory violations. Count III asserts a claim for breach of fiduciary duties. Washington seeks damages (compensatory, statutory, and punitive), as well as attorney fees and costs.

On June 24, 2021, the Lenzy Defendants filed their motion to dismiss under Fed. R. Civ. P. 12(b)(6),[5] arguing that all three of Washington's claims, as pleaded, fail as a matter of law. Under Local Rule 7.1(d) and the Court's Initial Standing Order (Doc. No. 3 ["ISO"]), an opposition brief was due within thirty (30) days after service of the motion. Instead, on July 23, 2021, Washington filed the instant motions for leave to amend and to stay ruling on the motion to dismiss.

## II. DISCUSSION

Washington's motion for leave to amend asserts that an amendment is required "in order to conform the [c]omplaint to the facts and evidence including, but not limited to, adding [c]ount IV for [e]quitable [e]stoppel, additional breaches of fiduciary duties, and correcting the name of [d]efendant United HealthCare." (Doc. No. 13 at 1 (italics omitted).)

---

[4] United is suing the Lenzy defendants in Stark County Court of Common Pleas to recover delinquent premiums and other relief related to coverage actually provided by United. (Doc. No. 1-1, Stark County Complaint.)

[5] The Lenzy defendants separately filed their answer to the complaint (Doc. No. 8.) United also filed its answer. (Doc. No. 9.)

In opposition, the Lenzy defendants argue that Washington's motion should be denied because "it causes undue delay, its motivation and timing show bad faith or dilatory motive, [d]efendants have been unduly prejudiced, and it is futile as it relates to Lezy's [sic] [m]otion to [d]ismiss." (Doc. No. 16 at 3.) They claim that, despite there being "no new developments in the facts," "no new evidence," and "no discovery conducted," plaintiff wishes to add new allegations that he could have included in the original complaint. (*Id*.)

The Lenzy defendants assert that it is unlikely that Washington, who is represented by counsel, "mistakenly omitted these allegations or was not aware of the doctrine of equitable estoppel[,]" one of the claims plaintiff seeks to add. (*Id*.) Rather the Lenzy defendants argue that plaintiff "[held] a few causes of action in reserve," purposely waiting to see how defendants would respond to the complaint, with a plan to "abuse the 'liberal amendment' standard of the Sixth Circuit, to force defendants to file new answers and draft new motions to dismiss." (*Id*. at 4.) The Lenzy defendants urge this Court not to encourage such "intentional delay tactics[.]" (*Id*.)

The Lenzy defendants also speculate, not entirely without good reason, that Washington's motion for leave to amend reveals bad faith. (*Id*.) Defendants correctly note that Washington failed to follow the well-accepted standard practice of presenting a copy of the proposed amended complaint along with his motion for leave to amend. *See, e.g.*, *Miller v. Springfield Police Div.*, No. 3:19-cv-145, 2021 WL 2688555, at *3 (S.D. Ohio June 30, 2021) ("in order to comply with Fed. R. Civ. P. 7(b)'s 'particularity' requirement, a complete copy of the proposed amended complaint must accompany the motion [for leave to amend] so that both the Court and opposing parties can understand the exact changes sought[]") (quotation marks and citations omitted; alteration in original); *Smith v. Nationstar Mortg., LLC*, 756 F. App'x 532, 536–37 (6th Cir. 2018)

(absent a copy of the proposed amended complaint, a court would not have "enough information to consider the factors relevant to [a] request [for leave to amend]").

The Lenzy defendants claim that "a month after all parties responded to his [c]omplaint, for the first time, without any discovery or introduction of new evidence, [Washington] seeks to assert additional theories of recovery that were known to him when he filed his [c]omplaint months ago." (Doc. No. 16 at 4.) They further claim that "[p]laintiff seemingly filed his [c]omplaint to learn [d]efendants' theories, strategies, and determine points of contention[,]" after which, "armed with such information and no new underlying facts," he could "seek[] to submit a complaint, complete with language tailored to combat all defensive arguments, all while forcing the [d]efendants to spend more time and money responding." (*Id*. at 5.) The Lenzy defendants claim prejudice as a result of Washington's tactics and urge the Court not to reward him by permitting an amended complaint.[6]

Under Fed. R. Civ. P. 15(a)(1)(B) & (2), if, as here, more than 21 days have passed since service of a responsive pleading or a motion to dismiss under Rule 12(b), plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Prior to the expiration of that 21 days, plaintiff could have simply filed an amended complaint "once as a matter of course" in response to defendants' motion to dismiss.

Although the Court need not attribute any bad motives to Washington based solely on the procedural strategy he chose, his failure to submit a proposed amended complaint with his motion for leave does suggest some attempt to "hide the ball." As such, Washington's counsel is

---

[6] The Lenzy defendants also argue that an amended complaint would be futile. (Doc. No. 16 at 5–6.) But that is a matter better resolved on a motion to dismiss directed to the amended complaint itself. *Smith*, 756 F. App'x at 537 ("without knowing what the amended complaint would say [because no copy was supplied], it is impossible to determine whether amendment would be futile.").

admonished for failing to file a proposed amended complaint so that the Court and the defendants are able to more efficiently and fully evaluate the propriety of allowing the amendment. That said, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

In his reply brief, plaintiff disingenuously claims that his inclusion of two John Doe defendants in his original complaint made it "clear that [he] contemplated amendment at the time the [c]omplaint was filed[.]" (Doc. No. 19 at 1 (italics omitted).) But, according to the motion for leave to amend, plaintiff is not planning to substitute any new defendants for the John Does, although he apparently does plan to correctly name United. Rather, by his own admission, Washington wants to add more claims against the Lenzy defendants.

Washington also relies on a case out of the Western District of Tennessee to argue:

> [T]he motion to amend was filed less than three months after the filing of the original complaint, the opposing parties have received notice of the filing and have responded to the motion, there is no evidence of bad faith on the part of the [p]laintiff, this is the first time that [p]laintiff has sought to amend his complaint, and [d]efendants will suffer no undue prejudice if [p]laintiff is allowed to amend his complaint. Although [d]efendants argue that the amendment would be futile, the Court finds that the merits of the amendment will be better addressed in amended motions to dismiss.

(*Id*. at 2 (quoting *Feustal v. Weems*, No. 1:18-cv-1024, 2018 U.S. Dist. Lexis 95650 at *3-4 (W.D. Tenn. June 7, 2018).) Washington claims that the instant case and *Feustal* present "very similar circumstances[.]" (*Id*. at 1.) But in *Feustal*, plaintiff (as is the proper practice) presented a proposed amended complaint along with its motion for leave to amend—which explains that court's statement that "the opposing parties have received notice of the filing[.]" Plaintiff here failed to do that; therefore the cases are not comparable.

Given that this case was pending less than two months when the motion to amend was filed, with no case management dates and deadlines set, and further given the liberal standard for

6

amending pleadings, the Court will grant plaintiff leave to file, within seven (7) calendar days of the date of this order, an amended complaint consistent with the assertions made in his motion with respect to the content of that complaint.

Further, so as to discourage any gamesmanship that *might* be operative here, should the Lenzy defendants file a motion to dismiss the amended complaint and if such motion satisfies this Court that the amendment was futile, the Court will entertain a motion by the Lenzy defendants for the sanction of an award of reasonable attorney fees and costs. Any such motion will be due within fourteen (14) days of the Court's ruling on a motion to dismiss the amended complaint and may seek fees and costs covering *both* motions to dismiss.

### III. CONCLUSION

For the reasons and as set forth herein, plaintiff's motion for leave to amend the complaint (Doc. No. 13) is granted and plaintiff shall file his first amended complaint within seven (7) calendar days of the date of this order. Defendants shall move or otherwise plead in response to the amended complaint within fourteen (14) days of its filing. If defendants file a motion to dismiss the amended complaint, Washington shall have fourteen (14) days to file any opposition and defendants shall have seven (7) days to reply.

The Lenzy defendants' motion to dismiss the original complaint (Doc. No. 7) is denied without prejudice as described herein. Should plaintiff fail to amend his complaint within seven (7) days, the Lenzy defendants may, within seven (7) days of plaintiff's failure to timely amend, renew their motion to dismiss the original complaint. Should renewal of the motion to dismiss the original complaint occur, plaintiff shall have fourteen (14) days to file any opposition, and defendants shall have seven (7) days to reply.

Plaintiff's motion to stay a ruling on the motion to dismiss (Doc. No. 14) is denied as moot.

As previously indicated, Doc. No. 18 shall be administratively terminated by the Clerk.

**IT IS SO ORDERED**.

Dated: October 26, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**